Nash, J.
 

 The plaintiff complains, that the defendants took and converted to their use a quantity of goods, which were his property. The case is as follows: Colbert & Morris, merchants in trade, were the owners of the goods and sold them to the plaintiff for the sum of four hundred and fifty dollars, which was an advance of twenty per cent, on what they cost — a part of the purchase money was paid at the time of sale. A witness by the name of Morris, stated that he was present at the sale, as agent of his son, who was one of the owners of the goods — and that it was agreed between the parties, that, after deducting the cash payment, the balance should be credited
 
 *238
 
 by the plaintiff on a debt due him by the firm, for money advanced by him to them in Charleston, South Carolina, to pay debts due by the firm, for which they were there arrested. He further stated, that he had, before that time» heard both the members of the firm say, they owed the plaintiff for money advanced by him for them on that occasion, and the debt was spoken of by the parties at the time of the sale. All this testimony was objected to by the defendants. The defendants were officers of the County of Macon, confessed the conversion of the goods, and justified under several executions, some of which were issued by magistrates to collect debts due by the firm, and some issuing from Court, against Colbert, one of the firm, for debts due by him individually. The firm of Colbert & Morris was in
 
 failing
 
 circumstances, at the time the sale was made to the plaintiff. On the part of. the defendants, it was contended, that the sale to the plaintiff was fraudulent, as to all the creditors, not being for a valuable consideration and
 
 bona fide.
 
 The
 
 Court
 
 instructed the jury, that the executions created no such lien upon the goods, as prevented the sale to the plaintiff, and that the question of fraud was one for their decision —and if they believed the sale to the plaintiff was
 
 bona ■fide
 
 and for a valuable consideration, going to pay a debt due by the firm, they should find for the plaintiff, otherwise for the defendants. The jury found a verdict for the plaintiff. We concur with his Honor in the instructions given. The executions in the hands of the officers formed no justification, unless the sale to the plaintiff was fraudulent. If it was so, it was void, as to the creditors of Colbert & Morris, and left the goods liable to these executions. Two questions are presented by the record ; the one is the
 
 bonafides of
 
 the sale, and the other is, the admissibility of the declaration of the parties at the time of the sale and before, as to the indebtedness of the firm to the plaintiff. His Honor committed no error, in admit-
 
 *239
 
 ting the declaration of the parties at the time of the sale ; it was a part of the transaction. The plaintiff paid a part of the purchase money, at the time of the contract, and the disposition of the remainder was a necessary en-quiry, as constituting a part of the agreement. Was it to be paid then, or was the purchaser to have a credit for it; if so, how long and what assurance was he to give ? his bond or his note, or the bond or note of a third person ? or was it to be paid in specified articles or how else was it to be discharged ? All these might have been the subject of arrangement, and which one of them might have been selected, would have constituted a part of the contract of sale — and while it remained in parol, might be proved by evidence of what was spoken and agreed by the parties at the time. It
 
 was
 
 then competent for the plaintiff to prove, how and in what manner, he'was to pay the balance of the price of the goods, and the agreement was, that the vendors were to be credited for it on a debt due by them to him, for money, before that time, paid by him in the City of Charleston, to prevent them from an arrest for a debt due by the firm. The partners, at the same time, acknowledged their indebtedness and stated how it had been incurred. The plaintiff was entitled to the whole of what was said by the parties in making the contract. See the reasoning of the Court in the case of
 
 Askew
 
 v.
 
 Reynolds,
 
 1 Dev. & Bat. 370. The declarations of the parties, made before the time of the sale, admitting their indebtedness to the plaintiff, being made
 
 ante litem
 
 and before any movement was made, or, as far as the case discloses, was thought of, towards the sale of the goods to the plaintiff, in a question impeaching the fairness of that transaction, was, certainly, evidence of the fact, it being against their interest at the time it was made. If these declarations were competent evidence and the facts disclosed by them were believed by the jury to be true, then, the only remaining question is answered. The sale was
 
 *240
 
 made
 
 boúa fide,
 
 and there was a valuable consideration for the contract.
 

 Per Cur mm. Judgment affirmed.